CHANDLER, J.,
Dissenting:
¶ 11. With respect, I disagree with the majority. The majority resolves every issue presented in this appeal by finding *430 that there was no contract in existence beyond the initial three-year period of guaranteed minimum amounts of gross folding orders. A thorough review of the 1983 contract reveals that the three-year period referred only to the guaranteed mínimums, not to the term of the contract itself. In fact, the contract provided no stated term and no provisions for automatic termination, only a limit on the amount of time that Murray would guarantee minimums. The provisions for termination are clearly spelled out and give each party the right to terminate the contract under certain conditions. Neither party did so during the period of time in question in these proceedings. During that period, Atlas was still performing its duties under the contract and Murray was still paying for services rendered by Atlas under the contract. The contract continued.
¶ 12. Having found that there was indeed a contract, I conclude that the jury, after hearing the evidence, was well within its rights in finding that the terms of the contract were breached and that damages resulted. The Mississippi Supreme Court has held on numerous occasions that:
The standard of review for jury verdicts in this state is well established. Once the jury has returned a verdict in a civil case, we are not at liberty to direct that judgment be entered contrary to that verdict short of a conclusion on our part that, given the evidence as a whole, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could have found as the jury found.
Starcher v. Byrne, 687 So.2d 737, 739 (Miss.1997).